UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

RAYVEN MCDERMOTT,                )
                                 )
    *Plaintiff*,                    )
v.                               )   No. 1:09-cv-125
                                 )   *Chief Judge Curtis L. Collier*
MCMINN COUNTY JUSTICE CENTER;    )
SHERIFF STEVE FRISBIE; CHIEF TIM )
SMITH; LT. RICK CLAYTON; NURSE   )
KAYE; NURSE BENNY; DR. TRANTHAM; )
                                 )
    *Defendants*.                  )

## **MEMORANDUM**

The court is in receipt of a *pro se* civil rights complaint filed by Rayven McDermott ("Plaintiff") pursuant to 42 U.S.C. § 1983 (Court File No. 3). On June 18, 2009, the Court issued a deficiency order directing McDermott to file a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances of her institutional account during the last six months or pay the full filing fee within thirty days from the date of the Order [Court File No. 4]. Further, the Order instructed McDermott that failure to comply with the Order within the time required would result in the Court presuming she is not a pauper, assessing the full amount of fees, and dismissing her § 1983 complaint [Court File No. 4].

There has been no response to the Court's Order. Accordingly, the Court finds McDermott has failed to comply with its Order.

Rule 41(b) of the Federal Rules of Civil Procedure permits this Court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the Court. This authority flows from the Court's inherent power to control its docket, prevent undue delays in the disposition of pending

cases, and avoid congested court calendars. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Therefore, this action will be **DISMISSED** for McDermott's failure to prosecute and to comply with the Orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

Additionally, pursuant to the Court's previous order, McDermott will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of McDermott's inmate trust account at the institution where she now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to McDermott's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in McDermott's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of McDermott's preceding monthly income (or income credited to her trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Sheriff of McMinn County, the custodian of inmate accounts at the McMinn County Justice

Center, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of McDermott's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate McDermott's file and follow the inmate if she is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

The plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

A judgment will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

3